# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-1158; Lynne Kritter et al. v. Brent Mooring et al. |
| **Originating No. & Caption** | 5:22-cv-00243-M-BM; Lynne Kritter et al. v. Brent Mooring et al. |
| **Originating Court/Agency** | District Court for the Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | January 17, 2024 | |
| Date notice of appeal or petition for review filed | February 14 and 16, 2024 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? N/A | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This a premises liability negligence case in which the District Court granted Summary Judgment for a landowner, his lessor, and their agents, against a lawful visitor's claims, by deciding that none of the persons and entities responsible for keeping the land safe for lawful visitors had a duty to remove or warn of a hidden danger.<br><br>On June 18, 2020, Jordan Elmore, an employee of Nutrien Ag Solutions, Inc., hired Gene Kritter and Kritter Cropdusting, Inc., on behalf of Daw Farms, Inc., to apply crop chemicals by helicopter to a corn field owned by Murry Daw and leased for farming by Daw Farms, Inc. While performing the requested service, Gene Kritter's helicopter struck a three-sixteenth-inch cable that Murry Daw had extended across his field from a deer stand pole to a mature pine tree in a neighboring woods. The cable, which was virtually invisible to the naked eye, was placed to attract doves for hunting twenty years earlier, but was not in active use. Murry Daw, numerous representatives of Daw Farms, and Jordan Elmore all knew of the cable's presence, but took no action to either lower the wire or warn Gene Kritter of its presence before the crop dusting operations.<br><br><div align="center">(Continued on attached additional page)</div> |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | |
|---|---|
| Case number of any prior appeal in same case | N/A |
| Case number of any pending appeal in same case | N/A |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. |
| Is expedited disposition necessary? | ○ Yes  ⦿ No |
| | If yes, motion to expedite must be filed. |
| Is oral argument necessary? | ⦿ Yes  ○ No |
| Does case involve question of first impression? | ○ Yes  ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes  ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Murry Daw, Daw Farms, Jordan Elmore, and Nutrien Ag Solutions all had experience with helicopter crop dusting operations and were or should have been aware of the dangers of an invisible cable wire over crops to be sprayed by chemicals from a helicopter. Nutrien Ag Solutions is an international corporation that sold the chemicals to Daw Farms and whose employee, Jordan Elmore, arranged for Gene Kritter to apply the chemicals by helicopter in a field where he knew there was a dove wire extending across the field to be sprayed.<br><br>Plaintiffs contend that the District Court erred in deciding that Defendants had no duty to Gene Kritter to remove the wire or warn of its presence before inviting him onto the land to perform a requested service. This failure to remove the wire or warn of its presence caused the helicopter to crash, killed Gene Kritter, and ended his business. Plaintiffs also contend that the District Court erred in denying their Motion for Partial Summary Judgment on the grounds that it was moot. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the District Court erred in granting Summary Judgment against a lawful visitor in a premises liability case by concluding that the land owner, the lessor of the premises, and the company it authorized to arrange for the visitor's presence, owed no duty to remove or warn of a hidden danger.

Whether the District Court erred in not granting partial Summary Judgment in favor of a lawful visitor in this premises liability case, despite the undisputed evidence that Defendants were aware of a hidden dangerous condition and failed to remove or warn of the hidden danger.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Nutrien Ag Solutions, Inc. and William Jordan Elmore | Adverse Party: Nutrien Ag Solutions, Inc. and William Jordan Elmore |
|---|---|
| Attorney: Christopher Kelly<br>Address: Gallivan, White & Boyd, P.A.<br>One Morrocraft Boulevard, Suite 200<br>Charlotte, NC 28211<br><br>E-mail: ckelly@gwblawfirm.com<br><br>Phone: (704) 227-1926 | Attorney: Paul J. Lopach<br>Address: Bryan, Cave, Leighton & Paisner, LLP<br>1700 Lincoln St., Suite 4100<br>Denver, CO 80203<br><br>E-mail: paul.lopach@bclplaw.com<br><br>Phone: (303) 866-0207 |

**Adverse Parties (continued)**

| Adverse Party: Daw Farms, Inc. | Adverse Party: Estate of Murry Rayborn Daw |
|---|---|
| Attorney: Donald E. Clark, Jr.<br>Address: Donald E. Clark Jr. Attorney at Law, PLLC<br>2719 Graves Street, Suite 13<br>Goldsboro, NC 27534<br><br>E-mail: don@donclarklaw.com<br><br>Phone: (919) 778-5060 | Attorney: Jay C. Salsman<br>Address: Harris, Creech, Ward & Blackerby, P.A.<br>325 Pollock Street<br>P.O. Drawer 1168<br>New Bern, NC 28563<br><br>E-mail: jcs@harriscreech.com<br><br>Phone: (252) 638-6666 |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Please see previous page for statement of issues |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Estate of Murry Rayborn Daw<br><br>Attorney: A. Ruthie Sheet<br>Address: Harris, Creech, Ward & Blackerby, P.A.<br>325 Pollock Street<br>P.O. Drawer 1168<br>New Bern, NC 28563<br><br>E-mail: ars@harriscreech.com<br><br>Phone: (252) 638-6666 | Adverse Party: Estate of Murry Rayborn Daw<br><br>Attorney: Glenn A. Barfield<br>Address: Haithcock, Barfield, Hulse & King, PLLC<br>233 E. Walnut Street<br>P.O. Drawer 7<br>Goldsboro, NC 27533<br><br>E-mail: barfield@hbhklaw.com<br><br>Phone: (919) 735-6420 |
| **Adverse Parties (continued)** ||
| Adverse Party: Estate of Murry Rayborn Daw<br><br>Attorney: C. David Creech<br>Address: Harris, Creech, Ward & Blackerby, P.A.<br>325 Pollock Street<br>P.O. Drawer 1168<br>New Bern, NC 28563<br><br>E-mail: cdc@harriscreech.com<br><br>Phone: (252) 638-6666 | Adverse Party: Nutrien Ag Solution, Inc. and William Jordan Elmore<br><br>Attorney: Luke A. Westerman<br>Address: Bryan, Cave, Leighton & Paisner, LLP<br>1700 Lincoln St., Suite 4100<br>Denver, CO 80203<br><br>E-mail: luke.westerman@bclplaw.com<br><br>Phone: (303) 866-0207 |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Lynne Kritter, as Executor of the Estate of Eugene J. Kritter, III and Kritter Cropdusting, Inc.<br>Attorney: John A. Chilson<br>Address: Comerford Chilson & Moser, LLP<br>1076 West 4th Street<br>Winston-Salem, NC 27101<br><br>E-mail: chilsonj@comerfordtriallawyers.com<br><br>Phone: (336) 631-8510 | Name: Lynne Kritter, as Executor of the Estate of Eugene J. Kritter, III and Kritter Cropdusting, Inc.<br>Attorney: W. Thompson Comerford, Jr.<br>Address: Comerford Chilson & Moser, LLP<br>1076 West 4th Street<br>Winston-Salem, NC 27101<br><br>E-mail: comerfordt@comerfordtriallawyers.com<br><br>Phone: (336) 631-8510 |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ John A. Chilson          Date: February 28, 2024

Counsel for: Lynne E. Kritter and Kritter Cropdusting, Inc.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on 02/28/2024 by ☐ personal delivery; ☑ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| Paul J. Lopach<br>Lucas A. Westerman<br>Bryan, Cave, Leighton & Paisner, LLP<br>1700 Lincoln St., Suite 4100<br>Denver, CO 80203 | Donald E. Clark, Jr.<br>Donald E. Clark Jr., Attorney at Law, PLLC<br>2719 Graves St., Suite 13<br>Goldsboro, NC 27534 |

Signature: /s/ John A. Chilson          Date: 02/28/2024